**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Stokes-Craven Holding Corp., d/b/a Stokes-Craven Ford, Appellant,

v.

Scott L. Robinson and Johnson, McKenzie & Robinson, LLC, Respondents.

Appellate Case No. 2018-000092

———————

Appeal From Clarendon County
Michael G. Nettles, Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-012
Heard December 10, 2020 – Filed January 20, 2021

———————

**AFFIRMED**

———————

Robert B. Ransom, of Leventis & Ransom, and Michael J. Virzi, both of Columbia, for Appellant.

Warren C. Powell, Jr., Benjamin C. Bruner, and Chelsea Jaqueline Clark, all of Bruner Powell Wall & Mullins, LLC, of Columbia, for Respondent Johnson, McKenzie & Robinson, LLC. Susan Taylor Wall and Henry Wilkins Frampton, IV, both of Gordon & Rees, LLP, of Charleston, for Respondent Scott Lamar Robinson.

———————

**PER CURIAM:**  Stokes-Craven Holding Corp., d/b/a Stokes-Craven Ford (Stokes-Craven), filed this legal malpractice action against Scott L. Robinson and Johnson, McKenzie & Robinson, LLC.  Stokes-Craven appeals the trial court's order disqualifying an attorney and law firm, arguing the trial court erred in 1) disqualifying Stokes-Craven's attorney during pretrial proceedings, 2) not considering counsel's potential role as a rebuttal witness, 3) finding counsel was an expert witness, 4) determining an expert witness's compensation should not be contingent on the outcome of trial despite no evidence of a contingency agreement, and 5) disqualifying the law firm.

In this legal malpractice action, the circuit court entered a scheduling order, setting deadlines for the identification of expert witnesses and the completion of discovery.  Stokes-Craven identified its counsel, Andrew Epting, Jr., as an expert witness.  Respondents moved, *inter alia*, to compel discovery and to immediately disqualify Epting as counsel.  After a hearing, the court allowed Epting until the following Monday to notify his client and to decide whether to be an expert witness or to continue as counsel.  By letter, Epting informed the court he would act as an expert witness.  After further hearings, the court ordered Epting and his firm to withdraw as counsel within five days of the filing of its order.  Stokes-Craven moved for reconsideration, which was denied after a hearing.  This appeal follows.

Stokes-Craven argues the circuit court erred in disqualifying Epting and his firm under Rule 3.7 of the South Carolina Rules of Professional Conduct, Rule 407, SCACR.[1]  Stokes-Craven also argues the circuit court erred in characterizing Epting as an expert witness rather than considering him as a possible rebuttal witness, depending on "how the proof developed at trial."[2]  As to these issues, we affirm and adopt the well-reasoned trial court's order in full.  *See Grosshuesch v. Cramer*, 367 S.C. 1, 6, 623 S.E.2d 833, 835 (2005) (adopting the reasoning set forth in the trial court's order as to some of the issues on appeal); *Byrd v. Livingston*, 398 S.C. 237, 245, 727 S.E.2d 620, 624 (Ct. App. 2012) (adopting the trial court's order as to some issues).

Stokes-Craven finally argues the circuit court erred in disqualifying his law firm because there was no evidence in the record that Epting had a contingency agreement for expert services.  We find Stokes-Craven misconstrues the circuit

---

[1] We combine Stokes-Craven's first and fifth arguments.

[2] We combine Stokes-Craven's second and third issues.

court's findings.  The court found a contingency fee agreement existed between Stokes-Craven and Epting's law firm in this legal malpractice action, not that there was a separate contingency agreement with Epting for his expert services.  We find support in the record for the circuit court's findings.  At a hearing on November 2, 2017, Respondents argued "a number of reasons why [Epting] and his firm must be disqualified," including the fact that it had a contingency agreement with Stokes-Craven.  Later in the hearing, Stokes-Craven acknowledged the malpractice action was "a contingency."  The court found Epting admitted "he/his firm" had a contingency agreement with Stokes-Craven and "[i]t is uncontested that [Stokes-Craven] has a contingency fee contract with Mr. Epting and his firm.  Expert witnesses in most jurisdictions are prohibited from having an economic interest in the outcome of the lawsuit."  The court also found Epting had an economic interest in the case under the firm's contingency fee agreement "because he is the owner of the law firm and its partner in charge."  There is evidence to support the circuit court's finding that a contingency fee contract existed and to support the court's disqualification of the firm based on Epting's economic interest arising from his partnership in the firm.

For the foregoing reasons, the order on appeal is

**AFFIRMED.**

**THOMAS, HILL, and HEWITT, JJ., concur.**